Filed 05/01/24


VERMONT SUPERIOR COURT

Washington Unit
65 State Street
Montpelier VT 05602
802-828-2091
www.vermontjudiciary.org

CIVIL DIVISION

Case No. 23-CV-04205

---

Noor Osman v Vermont Parole Board

---

Ruling on Cross-Motions for Summary Judgment

Petitioner Noor Osman claims that during his parole revocation hearing before Defendant Vermont Parole Board, the Board violated his due process rights and usurped the Department of Corrections' ("DOC") prosecutorial function when it continued the proceeding, *sua sponte*, so that one or more witnesses that the DOC may have intended to proceed without could be subpoenaed and compelled, if necessary, to testify when the proceeding resumed. Mr. Osman filed a Rule 75 complaint here before the parole proceeding resumed. He seeks an order compelling the Board to resume the parole proceeding based only on the non-hearsay evidence that was before it when his final hearing began. The parties have filed cross-motions for summary judgment.

The State argues, among other things, that review at this time is inappropriate as there is no appealable final order insofar as the parole revocation proceeding is ongoing. Mr. Osman has objected that the Court may properly consider the issue he raises on an interlocutory basis under 3 V.S.A. § 815(a) of Vermont's Administrative Procedures Act ("APA"), 3 V.S.A. §§ 800–848. Section 815 addresses "judicial review of contested cases." Mr. Osman squarely asserts that the APA "controls the Parole Board." Mr. Osman's Opposition at 1 (filed Feb. 11, 2024). Section 815(a) (emphasis added) provides:

> A person who has exhausted all administrative remedies available within
> the agency and who is aggrieved by a final decision in any contested case

*may appeal that decision to the Supreme Court, unless some other court is expressly provided by law.* However, a preliminary, procedural, or intermediate agency action or ruling is immediately appealable under those rules if review of the final decision would not provide an adequate remedy, and the filing of the appeal does not itself stay enforcement of the agency decision. The agency may grant, or the reviewing court may order, a stay upon appropriate terms.

Because Mr. Osman asserted that § 815 applies to this case, and it well may, this Court does not appear to be expressly designated by law to hear this case. To explore that possibility, the Court requested further briefing from the parties as to why the parole revocation proceeding is not a contested case for APA purposes the review of which should have been sought directly in the Supreme Court under § 815(a).

In response, both parties take the position that the parole revocation proceeding is *not* a contested case subject to the APA and that this is the right forum for review— though they disagree as to whether interlocutory review is properly available. Because the parties so agree, and the Court concludes that interlocutory review is not available even if it is the proper tribunal, it is unnecessary at this time to resolve the larger legal question of whether the revocation proceeding is subject to APA review.

Mr. Osman is plainly seeking interlocutory review. There is no final revocation decision. Other than asserting that interlocutory review can be available, at least by analogy, under Vt. R. App. P. 5(b) or 3 V.S.A. § 815(a), Mr. Osman has come forward with no palpable basis for it in these circumstances.

Generally, when an administrative process is under way, it must come to a final resolution before appellate review in court may be available. *See Pratt v. Pallito*, 2017 VT 22, ¶ 16, 204 Vt. 313, 319 (noting that the civil division lacks authority to hear the case until administrative remedies have been exhausted). Here, Mr. Osman has not

exhausted the administrative process. The Court sees no basis to intervene at this stage pursuant to its powers under Rule 75.

Even if the Court indulged the Plaintiff's view that 3 V.S.A. § 815(a) could somehow be applied here by analogy despite the demands of exhaustion, it permits such review only when "review of the final decision would not provide an adequate remedy." Mr. Osman has not persuasively made such a showing. Nor has he explained why review would be available under Vt. R. App. P. 5(b), which, even if applicable in the Rule 75 context, only governs appeals by permission.

Mr. Osman has asserted a due process issue that can be resolved, if necessary, following a final determination by the Board. Constitutional issues are routinely resolved following the final decision of the lower tribunal, even in criminal cases, and are not generally exempt from the doctrines of finality and exhaustion. As the Vermont Supreme Court has explained, "Exhaustion of administrative remedies is often required even when a party asserts constitutional challenges to administrative proceedings. This is so because, beyond mere adjudication of a dispute, administrative processes serve to develop a record that can better inform a fair resolution of the case." *Luck Bros. v. Agency of Transp.*, 2014 VT 59, ¶ 21, 196 Vt. 584, 595.[1]

---

[1] While Plaintiff cites this Court's ruling *Marston v. Vermont Parole Bd.*, No. 22-CV-02455, 2023 WL 2584353 (Vt. Super. Ct. Jan. 18, 2023), as an example of a case involving interlocutory review, the opposite is true. There, the Court reviewed a prior "interlocutory," *i.e.*, non-final decision of the Board to grant a continuance. The review came, however, consistent with this ruling, only after a final, appealable determination had been made by the Board. Under such circumstances, earlier interlocutory orders merge in the final order and may be reviewed on appeal. 15A Edward H. Cooper, *et al., Fed. Prac. & Proc.: Juris.* § 3905.1 (3d ed.) ("The prohibition against immediate appeal of most pretrial and trial orders established by the final judgment rule is offset by the rule that once appeal is taken from a truly final judgment that ends the litigation, earlier rulings generally can be reviewed." (footnote omitted)).

Indeed, the future has yet to be written in this case. Plaintiff may continue to make his arguments to the Board, the Board may change its view, the prospective witnesses may not appear or may testify favorably to Plaintiff, and/or the Board may rule in Plaintiff's favor. Other possibilities exist as well, all of which weigh in favor of enforcing the standard requirements of finality and exhaustion.

Conclusion

For the foregoing reasons, Mr. Osman's motion for summary judgment is denied, and the State's motion is granted. This case is remanded to the Parole Board for continued revocation proceedings.

Electronically signed on Friday, April 26, 2024, per V.R.E.F. 9(d).

_____
Timothy B. Tomasi
Superior Court Judge